IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTAWYN CARTER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Case No. 3:24-CV-98-CDL-CHW |
| | : |
| JUDGE CHRIS PHELPS, | : |
| | : |
| Defendant. | : |
| | : |

### ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Antawyn Carter, an inmate in the Jenkins Correction Center in Millen, Georgia, has paid the required initial partial filing fee in this case. Plaintiff's motion to compel jail staff to submit this payment (ECF No. 6) is accordingly **DENIED as moot.** Plaintiff's claims are now ripe for review pursuant to 28 U.S.C. §§ 1915A and 1915(e). For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice.**

### PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

**I.  Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes

apply in this case, and the standard of review is the same. *Pro se* pleadings are held "to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally construed." *Danglar v. Dep't of Corr.*, 50 F.4th 54, 56 n.4 (11th Cir. 2022) (quoting *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015)). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     **Factual Allegations and Plaintiff's Claims**

Plaintiff's claims arise from his present imprisonment. ECF No. 1 at 4. He is essentially seeking his release from prison and a return of his personal property on grounds that his constitutional and statutory rights were violated in connection with his conviction. *See id.* at 6. Plaintiff names as Defendants in this action two state officials who handled his state criminal case, Judge Chris Phelps and District Attorney Parks White. *Id.* at 1, 3.

Plaintiff's Complaint bears the "hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original). So-called "sovereign citizens" generally "believe they are not subject to the jurisdiction of the courts." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). A sovereign citizen's pleadings are often peppered with official-sounding—but ultimately meaningless—legalese, and they typically suggest that the individual is beyond the jurisdiction of the courts or otherwise immune from criminal

3

prosecution or legal action. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "sovereign citizens" raise theories "of individual sovereignty, immunity from prosecution, and their ilk").

Plaintiff's filing also bears some indications of reliance on the related "Redemptionist" theory, which "propounds that a person has a split personality: a real person and a fictional person called the 'strawman.'" *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009).

> Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

*Id.* Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources").

In this case, Plaintiff characterizes himself as a "Plaintiff/Debtor" who was wrongfully indicted using "a charging instrument under the Uniform Negotiable Instrument Act, by Defendants alleging that Plaintiff/Debtor committed commercial crimes against the STATE OF GEORGIA[.]" ECF No. 1 at 4. Plaintiff then cites to federal law that, he contends, "show[s] that Plaintiff/Debtor has the right provided by Congress to discharge debt/demand presented by Defendants." *Id.* These allegations are nonsensical and indicate that Plaintiff is attempting to proceed under some variation of the sovereign citizen or Redemptionist theories. His allegations that Defendants did not have the authority to act based on these theories are therefore frivolous and fail to state a claim upon which relief may be granted.

In addition, Defendants Phelps and White are entitled to immunity. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* Defendant Phelps' allegedly unconstitutional conduct would have occurred entirely during the course of Plaintiff's state court proceedings, and there are no facts to suggest that he acted in the clear absence of all jurisdiction. Thus, Defendant Phelps is entitled to judicial immunity to the extent Plaintiff's Complaint could be construed as seeking damages.

To the extent Plaintiff's Complaint seeks injunctive relief against Defendant Phelps, his claims are likewise barred. 42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege that Defendant Phelps violated a declaratory decree or that declaratory relief was unavailable. Plaintiff's claims for injunctive relief against Defendant Phelps should also be dismissed for this reason.[1]

Plaintiff's claims against Defendant White are likewise barred by immunity. "Absolute immunity . . . applies to the prosecutor's actions in initiating a prosecution and in presenting the State's case." *Rehberg v. Paulk,* 611 F.3d 828, 837 (11th Cir. 2010). In other words, a prosecutor is immune from liability for actions "which occur in the course of his role as an advocate for the state," including but not limited to "appearances in judicial proceedings, . . . prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Id.* at 837-38 (internal quotation marks omitted).

Plaintiff's claims against Defendant White are based entirely on his conduct in prosecuting the case against Plaintiff, and the Complaint does not present facts to suggest that he acted outside the territorial jurisdiction of his office. Defendant White is therefore entitled to prosecutorial immunity, and Plaintiff's claims for damages against him are

---

[1] To the extent that Plaintiff seeks immediate or speedier release from prison, the appropriate vehicle would be a habeas corpus petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

subject to dismissal for this reason. *See, e.g., Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984) (prosecutor is entitled to immunity even when she knowingly uses perjured testimony, files an information without an investigation, files charges without jurisdiction, files a baseless detainer, or threatens a criminal defendant with further prosecution, among other things).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel jail staff to submit his initial partial filing fee (ECF No. 6) is **DENIED as moot**, and it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 13th day of February, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

7