IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTAWYN CARTER, | : |
| Plaintiff, | : |
| v. | : Case No. 3:24-cv-98-CDL-CHW |
| JUDGE CHRIS PHELPS, *et al.*, | : |
| Defendants. | : |

# ORDER

Pending before the Court is Plaintiff's motion seeking leave to file a "second complaint" pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 15 at 1. In this motion, Plaintiff requests "to file [an] amended complaint to clarify factual allegations" and incorporate "additional legal claims." *Id.* Plaintiff further "requests that the Court accept this Amended Complaint and allow it to supersede all prior complaints filed in this matter." *Id.* For the following reasons, Plaintiff's motion is **DENIED.**

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. While Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading once as a matter of course or with consent of the Court or opposing counsel, "Rule 15 has no application . . . 'once the district court has dismissed the complaint and entered final judgment for the defendant.'" *Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012) (per curiam) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)). Instead, a plaintiff may seek leave to amend post-judgment only if he

is first granted relief under Federal Rule of Civil Procedure 59(e) or Rule 60(b)(6). *See id.* Generally, a *pro se* plaintiff should be given at least one chance to amend the complaint before his action is dismissed with prejudice. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Despite this general principle, however, "a district court need not allow any amendment where amendment would be futile." *Lee*, 461 F. App'x at 860. After reviewing Plaintiff's submission in this case, the Court finds that Plaintiff is not entitled to amend his Complaint.

As a preliminary matter, Plaintiff does not allege a basis for relief under either Rule 59(e) or Rule 60. Courts have recognized three circumstances warranting reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *1 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). Similarly, Rule 60(b) permits a court to provide relief from a judgment or order in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff has not asserted that any of these bases for relief apply in this case, and Plaintiff's

motion does not reveal the existence of any apparent ground for granting relief pursuant to either Rule 59 or 60.

Moreover, even if Plaintiff had set forth a viable basis for reopening this case under Rule 59 or 60, his motion to amend would be denied as futile. Plaintiff states that the "additional legal claims" he intends to raise in this action include unspecified

> constitutional violations, common law copyright notice violation, legal notice and demand violation, issuance of false securities, with evidence of the existence of a security that is directly related to the judgment in the case, conspiracy between Defendant's [sic], due process of law violation, violated the First Amendment to the United States Constitution and Georgia Constitution, with exhibits to support all claims.

ECF No. 15 at 1-2. Plaintiff did not attach a copy of the proposed amendment to his motion, and other this brief mention of his proposed causes of action, he does not describe the substance of any new claims. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). Perhaps more importantly, Plaintiff does not identify any new Defendants or allege any facts associating either of the current Defendants with any of his proposed claims. As previously discussed, the two named Defendants in this action are entitled to immunity. ECF No. 9 at 5-7. Plaintiff thus fails to articulate an actionable claim in his motion or give the Court any reason why his proposed amendments would not be futile. *See Lee*, 461 F. App'x at 860 ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (internal

3

quotation marks and citation omitted)).[1]  For these reasons, Plaintiff's post-judgment motion to file an amended complaint (ECF No. 15) is **DENIED**.

**SO ORDERED** this 8th day of July, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court also notes that Plaintiff had more than three months to file an amended complaint between the time the United States Magistrate Judge entered his Recommendation to dismiss this case and the time the Court adopted this Recommendation.  Plaintiff also had the opportunity to provide the Court with additional information about his claims in his objections, but he did not give the Court any reason to suspect that he could state an actionable claim.